## Robert M'Laughlin v. The Detroit and Milwaukee Railway Company.

A certificate issued by a corporation in the ordinary form of certificates of stock, but containing a promise on the part of the corporation to pay interest thereon until the happening of a specific event, constitutes the person to whom it is issued a stockholder and member of the company.

The corporation can not by a vote of the stockholders, without the individual assent of the holder, oblige him to receive their bond, instead of money, for the interest upon such certificate.

If a railway corporation have authority to issue such a certificate, they may ratify one which has been issued by their officers without authority. And, it is sufficient evidence of such ratification that the corporation, at a regular meeting of the stockholders, pass a resolution for the payment in their bonds of interest on such certificate.

*Heard April 20th. Decided April 25th.*

Case made after judgment, from Shiawassee Circuit Court, into which the cause had been removed by appeal from a justice of the peace.

The action was brought to recover interest upon a certificate of which the following is a copy:

"State of Michigan. No. 662. 10 *Shares:* Detroit and Milwaukee Railway Company. Robert McLaughlin, of Shiawassee county, is entitled to ten shares, of fifty dollars each, of the capital stock of the Detroit and Milwaukee Railway Company, transferable in person or by attorney only on the surrender of this certificate, and bearing interest at seven per cent., payable 1st January and 1st July, until the road is open to Lake Michigan. In witness whereof, the president and treasurer of the said company

have hereto subscribed their names, at the city of Detroit, this first day of January, A. D. 1856.

H. LEDYARD, *Vice President.*

C. C. TROWBRIDGE, *Treasurer.*"

On the part of plaintiff it was proved, that on or about August 10th, 1857, he presented said certificate to the treasurer of said Railway Company, who computed the interest then due upon it, which he found to be $54,-33, and said treasurer then tendered in payment thereof a special interest bond, which plaintiff refused to receive, and demanded the money. The defendants then proved from their books, that at a meeting of their stockholders, called for the election of directors, and the transaction of such other business as should come before them, held at their office November 11th, 1856, after due notice, a resolution was passed of which the following is a copy: "Resolved unanimously, that in view of the necessity of applying all means raised on the bonds sold, to finish the road at as early a day as possible, the interest on stock, until the road is completed, shall be payable in special interest bonds, falling due the 1st January, 1860, bearing interest at the rate of seven per cent. per annum, payable half yearly, at the treasurer's office in the city of Detroit; the said bonds to be issued in sums of one hundred dollars each. And in case any party is not entitled to a full bond for interest, that he shall receive such a bond upon paying the difference in cash: said bonds to be issued as of and after the 1st of January next." Which resolution was insisted upon as a bar to the action.

The Circuit Court rendered judgment for defendants, and plaintiff removed the the case to this court.

*H. McCurdy,* for plaintiff.

*A. & E. Gould,* for defendants :

It does not appear that the officers issuing this cer-

tificate, had authority to make such a contract. This it was incumbent on plaintiff to show:— *Paley on Agency*, *Ch.* 3, § 2; 2 *Kent*, 614. The principal is bound only by the acts done by the agent within the scope of his authority:— *A. & A. on Corp.* §§ 294, 297; 3 *Kern.* 599, 632; 2 *Kent*, 291; 5 *Wheat.* 326; *Walk. Ch.* 219. The defendants' act of incorporation vests in these officers no power to make such a contract, and the power to make it must have been expressly granted or subsequently ratified:— *Pierce R. R. Law*, 130, 373; *A. & A. on Corp.* § 298; 2 *Kent*, 614.

The plaintiff being a shareholder, was bound by the resolution of the company passed at a regular meeting of the stockholders:— *A. & A. on Corp.* 499; 7 *S. & R.* 517; 2 *How.* 522; 2 *Kent*, 293. The company had by this determined in what manner such interest should be paid, and the funds of the company disposed of in its legitimate business; and the plaintiff being one of the company is bound by its action.

CHRISTIANCY J.:

The plaintiff's counsel, upon the argument of this cause, seemed to concede that, if the plaintiff was a stockholder or member of the company, he would be bound by the resolution of the 11th of November, for the payment of the interest in bonds instead of money; and hence, he insists that the certificate upon which the action is brought, is not properly a certificate of stock, but merely evidence of a conditional subscription; and that the plaintiff would not become a stockholder until the condition should be performed by the opening of the road to Lake Michigan.

We think the certificate, if valid (a point we shall presently consider) is in every proper sense an absolute certificate of stock, with an agreement incorporated in it for the payment of semi-annual interest; and that it constituted the plaintiff a stockholder and a member of the company.

But as the case does not show that the plaintiff ever assented to, or acquiesced in, the resolution of the company, we can see no plausible ground for holding him bound by the resolution.

The stipulation in the certificate, for the payment of interest, constituted a contract between the company and the plaintiff, as an individual: it created the relation of debtor and creditor to the extent of the semi-annual interest. The company could no more change, affect or modify, his rights or their liability under this contract, by a resolution or by-law, without his individual consent, than they could in the same way affect their contract with or liability to a stranger:—*Revere v. Boston Copper Company*, 15 *Pick.* 363; *Ins. Co. v. Conner*, 17 *Pa. St.* 136; *American Bank v. Baker*, 4 *Met.* 176.

The authorities cited on the part of the defendants have no bearing upon this question; they only show the general right of the majority to bind the individual stockholders in all matters legitimately within the corporate powers of the company, and subject to the law of the land: not to make their own bonds a tender in 'payment of an acknowledged indebtedness to an individual, whether a stockholder or not. The power of the company to issue stock with such a stipulation for interest, is not denied by the defendant's counsel; but he insists that it is not within the ordinary powers of the president and treasurer to issue stock of this kind, without special authority from the company; and hence, to bind the company, that their authority should be shown.

We do not deem it necessary to enter upon the consideration of this question, since the power of the corporation to have authorized it, is not disputed. If they could authorize their officers to do it, they can ratify their acts when done; and the very resolution upon which the defendant relies for a defense, very clearly recognizes the validity of this interest-bearing stock, and thereby ratifies it,

if it needed ratification. The company can not deny that this resolution applies to this identical stock, since they prove it, and rely upon it as a defense to an action upon this certificate. The judgment of the Circuit Court must be reversed, and a new trial granted.

MARTIN CH. J., and MANNING J., concurred.

CAMPBELL J., did not sit, being a stockholder in the company.