## E. C. BRYANT ET AL. v. THE OHIO COLLEGE OF DENTAL SURGERY.

No lien is created upon the real estate of a corporation by the following certificate: "Ohio College of Dental Surgery. This may certify that Dr. A. J. Reeves is entitled to one share of the real estate property of the college, drawing an interest of six per cent., and transferable only in accordance with the constitution of the college association."

A decree of sale of the property, founded upon said certificate for the interest as a lien, is erroneous.

The plaintiffs, who are the personal representatives of A. J. Reeves, deceased, are the owners of a written instrument, of which this is a copy:

"*Ohio College of Dental Surgery.*

"This may certify that Dr. A. J. Reeves is entitled to one share of the real estate property of the college, drawing an interest of six per cent., and transferable only in accordance with the constitution of the college association. Shares one hundred dollars each.

　　　　　　　　　　　　　　　"CHARLES BONSALL,
　　　　　　　　　　　　　　　JAS. TAYLOR,
　　　　　　　　　　　　　　　JOHN ALLEN,
　　　　　　　　　　　　　　　H. E. PEEBLES,
　　　　　　　　　　　　　　　THOS. WOOD,
"CINCINNATI, *February* 20, 1854.　　　　　　　*Trustees.*"

Upon this instrument this suit was brought for one hundred dollars, with interest from February 20, 1854; and the petition alleged that the certificate was a lien on the real estate of the defendant, and prayed sale thereof and payment of the amount stated.

To this petition the defendant demurred, and the demurrer was sustained. Thereupon the plaintiffs filed an amended petition, in which they claimed to recover the

*interest* alleged to be due upon the certificate, and alleged also, as before, that the certificate was a lien on the real estate of the defendant, and prayed sale and satisfaction.

To this amended petition the defendant again demurred, and at the April term, 1870, the demurrer was overruled and judgment was rendered in favor of the plaintiffs for ninety-six dollars, being the amount of the interest on the certificate; and the court decreed sale of the real estate of the defendant as prayed for.   To the overruling of this demurrer and to the entry of this decree, the defendant excepted.

*E. L. Decamp* and *W. M. Ramsey*, for plaintiffs.

*King, Thompson & Avery*, for defendant.

HAGANS, J.   The determination of the demurrer to the original petition seems to be decisive of some of the questions presented to us now.   For if an action in the form contained in the original petition could not be maintained for the principal sum and interest, it would seem doubtful whether the action could be maintained in the same form for the interest merely due upon the principal sum named in the certificate.   Besides, if this certificate be regarded as stock of the corporation, no time is fixed in the certificate for the payment of the interest; nor is there any fund alleged to be in the treasury out of which the plaintiffs have the right to be satisfied therefor.   *Wright* v. *Vermont & Massachusetts R. R.*, 12 Cushing, 68; *Bernard* v. *Vermont & Massachusetts R. R.*, 7 Allen, 512; *Waterman* v. *Troy & Greenfield R. R.*, 8 Gray, 433; *McLaughlin* v. *Detroit & Milwaukee R. R.*, 8 Mich. 100.

If we regard this certificate as simply the promissory note of the defendant given for money loaned, then the plaintiffs have the right to a judgment for the amount with interest, but not a sale, in the first instance, of the

property of the defendant as upon a lien ,securing the amount.

Without determining those questions it is very clear that the judgment below can not stand. No other lien appears in the case than the assertions of the certificate, which appear to be rather of an ownership *pro tanto* in the real estate of the defendant than of any other interest. And if there be no instrument providing a legal lien· on the real estate of the defendant by way of security for the money named in the certificate, a decree for the sale of the property for the debt in the first instance, is unauthorized. If there be a lien at all, or right to a sale of the property, it must be asserted in some other form of action having regard to the rights of other holders of certificates and creditors, if there are any; and this we understand to have been the determination of the judge below.

On the whole case, we have thought it best to reverse the judgment and to remand the cause to Special Term for further proceedings,