## Franklin Everett v. Fractional School District No. 2, of the Township of Cannon.

*School districts: Hiring teachers: Contract: Signature.* Where a contract for hiring a teacher has been signed by the director of the school district and by the teacher, and the moderator writes upon it "*approved*," and subscribes it as moderator, such approval and signature will be treated as in legal effect a signature of the contract by such moderator.

*Statute construed: School district: Hiring teacher: Contract: Keeping list of pupils, etc.* The provision of the statute (*Comp. L. 1871,* § *3616*) that the contract for hiring a school teacher shall require the teacher to keep a correct list of the pupils, and the age of each, attending the school, etc., imposes the duty upon the teacher of keeping such list, and this becomes in legal effect a part of his contract, whether the written contract expressly stipulates for it or not.

*Statute construed: Directory provisions: Teacher: Contract of hiring.* This statutory provision is directory merely, and does not render invalid a contract from which such requirement has been omitted, provided it be good in other respects and entered into in good faith.

*Submitted on briefs July 24. Decided October 7.*

Error to Kent Circuit.

\* The plaintiff below (who is plaintiff in error) brought his action against the school district upon a contract, alleging it to be a contract of the district, of which the following is a copy:

"It is hereby contracted between M. A. Patrick, of district No. 2, fractional, in the township of Cannon, county of Kent, and state of Michigan, and Franklin Everett, a legally qualified teacher in said township, that the said Franklin Everett shall teach the primary school of said district, for the term of four months, commencing on the 15th day of November, A. D. 1872; and the said Franklin Everett agrees faithfully to observe and enforce the rules and regulations established by the district board.

"The said M. A. Patrick, in behalf of said district, agrees to keep the school-house in good repair, and to provide the necessary fuel, and to pay the said Franklin Everett, for said services as teacher, to be faithfully and truly

---

\* This statement of the case was furnished by Judge Christiancy.

rendered and performed, the sum of two hundred and twenty ($220) dollars, the same being the amount of wages above agreed upon, to be paid on or before the first day of April, 1873: Provided, that in case the said Franklin Everett shall be dismissed from school, by the district board, for gross immorality, or violation of this contract, or shall have his certificate annulled by the county superintendent of schools, he shall not be entitled to any compensation from and after such annulment or dismissal.

"In witness whereof, we have hereunto subscribed our names this 3d day of October, A. D. 1872.

"M. A. PATRICK, *Director.*

"FRANKLIN EVERETT, *Teacher.*

"Approved:

JAMES NESBIT, *Mod.*"

The declaration alleges that in pursuance of the contract, the plaintiff, who was a duly qualified teacher, afterwards commenced teaching the school according to the terms of the contract, and taught the same for the space of two weeks; that while teaching he faithfully observed and enforced the rules and regulations established by the district board, performed everything in said contract by him to be performed, and fulfilled all the requirements of the contract on his part; that he was not dismissed by the district board for gross immorality nor for a breach of said contract, and that his certificate was not annulled by the county superintendent, but that defendants, after he had been teaching about two weeks, locked and barred the door of the school-house, and shut him out of the house and prevented him from re-entering and continuing said school, which he was then, and has since been ready and willing to do; and that he has since held himself in readiness to proceed and fulfill the contract on his part, but has thus been prevented; and he claims damages, not only for the stipulated wages, but for being thus prevented from performing the contract.

This contract being offered in evidence on the trial, was objected to by the defendants, on the following grounds:

*First*, That it is not such a contract as the district board were authorized to make. An essential part of the contract they are authorized to make is left out, to-wit: it does not require the teacher to keep a correct list of the pupils, and the age of each, attending the school, and the number of days each pupil was present, and to furnish the director with a copy of the same at the close of the school;.

*Second*, It is not executed in the manner prescribed by the statute; that is, by a majority of the school board on behalf of the district;

*Third*, It does not purport to be, and is not, the contract of the district, but only of M. A. Patrick;

*Fourth*, It has not been shown in the case that before the making of this contract the district board met as a board, and agreed with the plaintiff to hire him;

*Fifth*, It is incompetent and irrelevant.

The circuit judge held that the contract was made and executed by a majority of the district board (treating the approval by the moderator as in legal effect a signature by him), but he further held that the contract was invalid, because it did not contain the provision in reference to the keeping of the list of pupils, etc., which the statute requires it to contain, and for this reason refused to receive the contract in evidence, to which the plaintiff excepted.

The plaintiff offered to prove that he went into said school and taught it for two weeks; that he kept during that time the list required by the statute; but this, being objected to, was ruled out, because no contract was shown, and the plaintiff excepted.

Other questions are raised by the record, but the ground upon which the supreme court disposes of the case renders them immaterial.

*Loomis A. Miller*, for plaintiff in error.

*Champlin, Butterfield & Fitzgerald*, for defendant in error.

CHRISTIANCY, J.

We think the circuit judge rightly treated the approval

of the moderator, and his signature thereto, at the foot of the written contract, as in legal effect a signature of the contract.

But we think he erred in the view he took of the effect of the statute (*Comp. L. 1871,* § *3616*) upon the contract. That section, it is true, provides, among other things, that "all contracts shall be in writing, and signed by a majority of the board on behalf of the district; said contract shall specify the wages agreed upon, *and shall require the teacher to keep a correct list of the pupils, and the age of each, attending the school, and the number of days each pupil is present, and to furnish the director with a correct copy of the same at the close of the school.*"

It cannot be reasonably doubted that this provision imposes upon the teacher of every public district school the duty of keeping the list provided for, and that this becomes in effect a part of his contract, whether the written contract expressly stipulates for it or not. The provision, therefore, requiring the keeping of such list to be inserted in the contract, but not declaring the contract void for want of it, must be treated as directory merely, imposing the duty upon the board to insert it, but leaving the contract valid, if good in other respects and entered into in good faith. The present contract appears to be good, and to comply with the statute in other respects; nothing appears in the case to show that it was not entered into in entire good faith, and the plaintiff offered to show that the list required was actually kept.

It is quite evident that the formal imperfections in this contract arose from the ignorance of the parties of the new statute of 1871, requiring the contract to provide for this list, and to be made by the majority of the board, instead of the director, with the approval of the other members, as required by the previous law.—See *Compiled Laws of 1857,* § *2282.*

The judgment of the circuit court must be reversed, with costs, and a new trial awarded.

The other Justices concurred.