ELMER HOLLOWAY v. SCHOOL DISTRICT NUMBER NINE OF THE TOWNSHIP OF OGDEN.

*Amendment—Of ad damnum clause in declaration—Where summons and special count laid damages within justice's jurisdiction—But common counts claimed five hundred dollars—Properly allowed on trial of appeal—Where no objection was made below—Nor at circuit until it appeared that plaintiff's claim was less than one hundred dollars—Teacher's contract—Sufficiently executed if signed by director and assessor—Simultaneous signing unnecessary—Being sufficient on its face, is admissible in evidence—Contract within ordinary powers of corporation—Presumed valid when regularly signed—Book kept by district board—In which teachers' contracts are recorded—And signed by contracting parties—Admissible as presumptive evidence of a corporate transaction—Holidays—Pay of teacher cannot be reduced for failure to teach on—School-district officers—Should know under what authority a teacher assumes to act—Cannot, by failing to hold meetings, set up their own wrong as a defense to an honest claim—Contract signed by required number of officers—Under which teacher is permitted to teach with knowledge of entire board—Will be presumed valid—A contract valid on its face—And fully performed, with acquiescence of all concerned—Cannot be repudiated.*

1. The *ad damnum* clause in a justice's summons, and in the special count of plaintiff's declaration, was within the jurisdiction of the justice, but in the common counts was laid at five hundred dollars. The case was tried in justice's court on the merits, without objection, and in like manner on appeal in the circuit court until it appeared that the amount in controversy was *less* than one hundred dollars, when the objection was raised, and an amendment allowed reducing the damages claimed to three hundred dollars.

   *Held,* that the amendment was properly allowed.

2. Plaintiff sued defendant for a balance of wages due him as teacher,. and on the trial offered in evidence a contract recorded in a book kept for that purpose by defendant, signed by the director and assessor, but *not* by the moderator. Proof was made of the handwriting of the officers so signing, but it appeared they did not sign the contract at the *same time*.

   *Held*, that *simultaneous* signing was not necessary, and that the contract, being sufficient on its face, was admissible in evidence.

3. A contract within the ordinary powers of a corporation is always presumed valid when regularly signed, and no stronger proof is required in school matters than in other corporate agreements.

4. There being no law restricting the books of school boards to any particular number or kind, a record in which contracts with teachers are recorded and signed is sufficient evidence to prove the contract to be, at least *presumptively*, a corporate transaction.

5. Recognized legal holidays cannot be deducted from the time for which a school-teacher contracts to teach, and his pay reduced accordingly.. *School District v. Gage*, 39 Mich. 484.

6. It is the business of school districts to keep up public schools, and of the officers to provide teachers, and make contracts with them. It is their duty to *know* under what *conditions* a teacher, whom they *know* to be teaching, *claims* to act, and a district board cannot, by abstaining from holding meetings, and from doing its duty, set up its own *wrong* in defense of an *honest* claim.

7. A teacher has a right to suppose his contract a valid one when signed by a sufficient number of officers and he is permitted, and apparently encouraged, with the full knowledge of the whole district board, to proceed under such contract.

8. A contract valid on its face, and actually carried out in full with the acquiescence of all concerned, cannot be subsequently repudiated.

Error to Lenawee. (Howell, J.) Argued June 18, 1886. Decided June 24, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Westerman & Westerman*, for appellant.

*Bean & Lane*, for defendant.

CAMPBELL, C. J. Plaintiff sued defendant for a balance of wages as teacher, his contract, as he claims, being for $104, and the amount paid him being $52.

A preliminary question was raised concerning jurisdiction. The case was begun before a justice upon a summons, which laid the damages within the sum authorized for his jurisdiction. The special count in the declaration was for the sum due under the contract, but the common counts laid damages at $500. No objection was made before the justice, and he gave judgment on the merits. In the circuit court no objection was made until the trial had progressed, showing the amount in controversy to be less than $100. Upon objection made, an amendment was allowed reducing the *ad damnum* clause. We have no doubt this was proper.

The chief controversy was upon the validity of the contract, and the right to recover at all. The circuit court took the case from the jury, and ordered a verdict for the defendant.

Under our previous decisions, we think several errors were committed. The plaintiff showed a contract entered in a book kept by the district, signed by the director and assessor, but not by the moderator. The handwriting of both officers was shown, but it appeared they did not sign at the same time.

It was held in *Everett v. Fractional School Dist. No. 2 of Cannon Tp.*, 30 Mich. 249, that simultaneous signing was not necessary, and the contract, therefore, was sufficient on its face, and was admissible in evidence. We do not think any stronger testimony is required in school matters than in other corporate agreements, where a contract within the ordinary powers of the corporation is always presumed valid when regularly signed.[1] We are also of opinion that, as there is no law restricting the books of school boards to any particular number or kind, there is no reason why such a book as the one shown here should not have the same value as any other corporation record, as, at least presumptively, a corporate transaction. Had the court, as it should have done, received this record, the trial would, no doubt, have been abbreviated.

---

[1] See *Eureka Iron & Steel Works v. Bresnahan*, 60 Mich. 332.

It appeared, further, that the teacher had taught the full time provided by the contract, except upon holidays, which, as we have previously decided, the district could not deduct from his pay. *School District v. Gage*, 39 Mich. 484. It further appeared affirmatively that the officer not signing the contract knew that plaintiff was teaching, and not only made no objection, but concurred in paying the money that was paid.

It is the business of school districts to keep up public schools, and it is the duty of the officers to provide teachers, and to make contracts with them. It is their duty to know under what conditions a teacher, whom they know to be teaching, claims to act. Plaintiff had a right to suppose his contract was a valid one when it was signed by a sufficient number of officers and he was, with the personal knowledge of the whole board, permitted, and apparently encouraged, to proceed. A contract valid on its face, actually carried out in full with the acquiescence of all concerned, cannot be subsequently repudiated. The board cannot, by abstaining from holding meetings, and from doing its duty, set up its own wrong in defense of an honest claim. This case is within the principle of the recent case of *Crane v. Bennington School Dist.*, 61 Mich. 299, where questions quite analogous were raised. We cannot but regret that any of our schools should be managed in the spirit shown on this record.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.