Decided at PENDLETON, 13 August, 1898.

## GRAHAM v. SCHOOL DISTRICT.

[54 Pac. 185]

1. SCHOOL DIRECTORS—RATIFICATION OF CONTRACT.—A contract for the employment of a teacher for a specified term executed at a special meeting of school directors irregularly called at which the directors were not all present is ratified so as to be binding upon the school district by the payment of the salary for part of the term with the approval and acquiescence of the board.

2. SCHOOLS—ACTS OF DE FACTO DIRECTOR.*—A school director, although he has removed from the district, will be considered a de facto officer so far as the rights of third persons are concerned, where he continued to act as a director and exercised the duties pertaining to the office: Hamlin v. Kassafer, 15 Or. 456, applied.

From Umatilla : STEPHEN A. LOWELL, Judge.

*NOTE.—For decisions on whether changing residence will vacate an office, see State v. Craig, (Ind.), 32 Am. St. Rep. 237 (with note).

The acts of a de facto official are usually upheld when they concern the public or third persons who have an interest in the thing done: Hamlin v. Kassafer (Or.), 3 Am. St. Rep. 176 (and note); Jewell v. Gilbert (N. H.), 10 Am. St. Rep. 357; State ex rel. v. Taylor (N. C.), 23 Am. St. Rep. 51 (with note), 12 L. R. A. 202; Magnean v. City of Fremont (Neb.), 27 Am. St. Rep. 436 (with note), 9 L. R. A. 786; Gorman v. People (Colo.), 31 Am. St. Rep. 350; King v. Philadelphia (Pa.), 21 L. R. A. 141, 35 Am. St. Rep. 817; Weatherford v. State (Tex.), 37 Am. St. Rep. 828 (with note).

An extensive collection of authorities showing what classes of persons are de facto officers and the distinction between de facto and de jure officers will be found in the notes to the following cases: State v. Lewis (N. C.), 11 L. R. A. 105; State ex rel. v. Taylor (N. C.), 12 L. R. A. 202, 23 Am. St. Rep. 51; State ex rel. v. Carr (Ind.), 13 L. R. A. 177; Hamlin v. Kassafer (Or.), 3 Am. St. Rep. 183; Creigh-

Action on a contract by Effie Graham against School District No. 69. Defendant had a verdict by direction by order of the court.

REVERSED.

For appellant there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. J. H. Raley*.

For respondent there was a brief over the name of *Balleray & Hailey*, with an oral argument by *Mr. John J. Balleray*.

MR. JUSTICE WOLVERTON delivered the opinion.

Plaintiff brought this action upon a contract alleged to have been entered into between her and the defendant to recover for services rendered as teacher. The contract was for a term of seven months, beginning September 28, 1896, at the rate of $35 per month. She acknowledges payment for four months and demands judgment for a balance of $105. After all the evidence was submitted the court directed the jury to return a verdict for the defendant, upon the ground that plaintiff had failed to prove the contract sued upon. It appears from the pleadings that John Dand, Frank Snyder and Joseph Hanscom were the duly qualified and acting directors

*ton* v. *Com.* (Ky.), 4 Am. St. Rep. 147; *Dabney* v. *Hudson* (Miss.), 24 Am. St. Rep. 278; *Waterman* v. *Chicago etc. Railroad Co.* (Ill.), 32 Am. St. Rep. 228; *Walcott* v. *Wells* (Nev.), 37 Am. St. Rep. 494; *Weatherford* v. *State* (Tex.), 37 Am. St. Rep. 832; *State* v. *Noyes* (Wis.), 41 Am. St. Rep. 51; *City of Tampa* v. *Kaunitz* (Fla.), 63 Am. St. Rep. 210; *Parker* v. *State* (Ind.), 18 L. R. A. 567.

As to the right of an officer *de jure* to the official salary when the office is actually occupied by another person, see a critical note to the case of *Andrews* v. *Portland* (Me.), 10 Am. St. Rep. 284. Other cases on the same point are *State ex rel.* v. *Carr* (Ind.), 28 Am. St. Rep. 163, 13 L. R. A. 177 (with note); *Ward* v. *Marshall* (Cal.), 31 Am. St. Rep. 198; *Scott* v. *Crump* (Mich.), 58 Am. St. Rep. 478.

Touching the question whether a *de jure* officer can recover from an intruder the salary and emoluments of the office, see *Beier* v. *Gorrell* (W. Va.), 8 Am. St. Rep. 22; *Waterman* v. *Chicago etc. Railroad Co.* (Ill.), 32 Am. St. Rep. 228.— REPORTER.

of the defendant from long prior to September 28, 1896, to November 3d of the same year, and there was evidence to the following purport: The plaintiff was authorized to teach in the district school by verbal arrangement with Dand, who represented that he had consulted the other two directors touching the matter, and in pursuance of such authorization began teaching September 28, 1896. On the 13th of October following, the three directors met at the house of Mr. Sherman, the clerk of the district, for the purpose of drawing up, and entering formally into, the contract with plaintiff, at which meeting its terms were discussed, but, owing to a disagreement respecting who was the legally authorized chairman, they adjourned without the transaction of any business. Subsequently, on November 4th, Dand and Snyder met at the schoolhouse, without notice to Hanscom, and, the clerk not being present, the plaintiff acted in his stead; at which meeting the contract sued on was drawn up and signed by the two directors and the plaintiff. The plaintiff continued teaching to the end of the term. She was paid four months' salary, in monthly installments, by warrants drawn upon the clerk, and signed by Hanscom as chairman of the board of directors. Shortly after the contract was signed, Hanscom told the plaintiff he was willing to have her teach the school as long as they had money, and to sign the contract for five months, but not for seven, and about the fifth month informed her that she could not collect her wages off the district. Snyder testified that at the time of the November meeting he was director of the district; that he was moving at the time into another district, some four miles distant; that he had moved some of his goods and taken his family away on the 3d, and moved the remaining goods on the day of the meeting.

1.  Upon this state of the record, the defendant contends that it is conclusively shown that the pretended meeting of November 4 was not a regular meeting, nor was it a special meeting regularly called, and, further, that Snyder was not a director of the district at the time, and was without right or authority to act as such, and hence that the alleged contract was not lawfully authorized or executed.    The plaintiff, while not conceding the correctness of this conclusion, nevertheless claims that, if it were tenable, the defendant subsequently ratified the contract, and is now estopped to deny its efficacy.    The statute (Hill's Ann. Laws, § 2602, subd. 16) provides as follows :  '' Two directors shall constitute a quorum. Any duty imposed upon the board as a body must be performed at a regular or special meeting, and must be made a matter of record.    The consent of the board to any particular measure, obtained of individual members when not in session, is not the act of the board, and is not binding upon the district.    If a contract is made without authority from the board, the individuals making such contract shall be personally liable.''    Subdivision 14 of the same section provides that the directors when employing teachers, shall enter into a written contract with them, to which contract the assent of both parties must be given in writing.    It is plain that these subdivisions were intended to prescribe the mode and manner by which school districts shall contract with teachers for their services, and a contract entered into in violation of their provisions is not susceptible of enforcement :  *Hazen* v. *Lerche*, 47 Mich. 626, (11 N. W. 413).

But school boards are not unlike the governing boards of other municipalities and corporations, and may by their subsequent acts so adopt or ratify contracts within the scope of their powers, informally entered into or executed, that the districts for which they act will be

estopped to deny their validity.   In *Athearn* v. *Independent Dist.*, 33 Iowa, 105, it was said : " Performance of a contract, permission to the party with whom the corporation contracts to perform, the acceptance of the performance or of the fruits of the performance by the corporation, acquiescence in the contract, payment to the other party, and the like, all operate as acts of ratification." The facts of the case, in so far as they have application to the case at bar, were these : Upon the trial it was proved that the persons signing the instrument, and the approval indorsed thereon, in behalf of the defendant, were the acting officers of the defendant, that they signed their names separately and severally to the paper, and that under the contract a school was taught by plaintiff for a part of the time stipulated, for which plaintiff was paid by an order signed by the secretary, and drawn upon the treasurer and by him paid.   The defendant offered to show, both by the records and by oral proof, that there was no record of any action of the board of directors authorizing the execution of the contract, or ratifying it after it was executed, that there was no meeting of the board at the time the contract purported to have been executed, and that the contract was in fact separately signed by the several officers of defendant at their places of business, or in the street, and was not done as the act of the board of directors.   The evidence was rejected.   Under this state of facts, the court, in affirming the judgment, say, " But, if we concede that the contract was executed without authority upon the part of defendant's officers, it has nevertheless been ratified by defendant, and thereby became a binding instrument," and that the "defendant's act in permitting plaintiff to perform partly his contract, and in paying him for his services rendered under the contract, as well as the acquiescence of defendant's board of directors in

the contract, with the knowledge thereof, and failure to dissent therefrom, amount to a ratification whereby defendant became bound upon the contract." This doctrine was reaffirmed in *Cook* v. *Independent School Dist.,* 40 Iowa, 444.

A like doctrine was held in *Crane* v. *Bennington School Dist.,* 61 Mich. 299 ( 28 N. W. 105); and, as, the case bears much analogy to the one at bar, we may be pardoned if we quote somewhat at length from the opinion of the court, speaking through MORSE, J., who says: " When it was admitted without any dispute that the plaintiff taught under this contract for ten weeks, with the sanction and consent of the officers, and that orders were drawn by the proper officers for his pay as such teacher, and cashed by the assessor, who did not sign the contract, without any objection, it became entirely immaterial what the book of record showed, or whether there was any corporate action in hiring him or authorizing the contract. The defendant must be held not only estopped by the action of its officers from questioning the validity of the contract, but treated as having fully ratified and confirmed it. School district officers cannot be permitted by the law to enter into a written contract with a teacher, none of them denying its validity for ten weeks, or half the term, but recognizing it by making payments upon it, in which payments all join, and then, after the teacher, in the utmost good faith and reliance upon the contract, has taught that length of time, discharge him without cause, and plead in bar of his payment under the contract that they never met and consulted nor took corporate action in hiring him, or made any record in a book of the execution of the contract. It appears very clearly in this case that a majority of the school board assented to this contract in the first place, as evidenced by their executing it. It was after-

wards ratified by all three of them. It was not necessary that there should be a direct proceeding with an express intent to ratify. 'It may be done indirectly and by acts of recognition or acquiescence, or acts inconsistent with repudiation or disapproval.' See *Scott* v. *Methodist Church,* 50 Mich. 532 (15 N. W. 891), and cases there cited.

"It was not necessary that these three officers should formally meet together, pass a resolution confirming the contract, and record it, in order to ratify the action of the moderator and director in hiring the plaintiff and executing the contract sued upon. Their acts in drawing and paying the orders without any demur or protest were a sufficient recognition and approval of the contract. If the assessor had refused payment of the first order drawn, the case might have come within the ruling of *Hazen* v. *Lerche,* 47 Mich. 626 (11 N. W. 413) ; but here the agreement was acted upon by everybody until other controversies arose, and then it was too late to take exception to the want of formalities in engaging the teacher or executing the contract." See, also, *Holloway* v. *School Dist.,* 62 Mich. 153 (28 N. W. 764),— a later case by the same court, which was declared to come within the principle thus announced.

2. There is one feature of the case at bar which does not seem to be entirely covered by the foregoing authorities, and that concerns the question made touching the authority of Snyder to act as director of the district on November 4, the date upon which the contract purports to have been signed. But if it be conceded that Snyder's removal from the district *ipso facto* operated as a vacation of his office, and that he had actually effectuated a change of residence at the time, yet the testimony is clear that he assumed and continued to act in the capacity of

director, and exercised duties pertaining to the office, as though no change had taken place affecting his right or authority in the premises ; and we think he must be treated as a *de facto* officer, in so far as his acts may affect the plaintiff,— she being a third party,— and that the case falls within the reasoning of *Hamlin* v. *Kassafer*, 15 Or. 456 (15 Pac. 778, 3 Am. St. Rep. 176).

From these considerations it is apparent that there was evidence pertinent to go to the jury upon the question of ratification, and it was error, therefore, to direct a verdict for defendant for want of a legal contract in the first instance. The judgment will be reversed, and the cause remanded for such other proceedings as may seem proper.

REVERSED.

Decided at PENDLETON, 13 August, 1898.