AMI L. DENNISON *vs.* INHABITANTS OF VINALHAVEN.

Franklin.    Opinion April 5, 1905.

*Hiring School Teachers. Contract. Ratification. Interpretation. Construction. R. S., (1883), c. 11, § 87.*

While by sec. 87, chap. 11, R. S. 1883, the authority to hire teachers was con-ferred upon the superintending school committee, unless the town other-wise vote, yet a contract with a teacher made, at their request, by the superintendent of schools is valid; the maxim delegata potestas non potest delegari does not apply.

A contract made with a school teacher by a person not authorized to make it may be ratified by those having authority either expressly or by acts recognizing the employment.

When a contract is indefinite as to time, it is to be interpreted by the inten-tion and understanding of the parties as indicated by their acts and the attendant circumstances.

Where the plaintiff was engaged as a school teacher at the beginning of the second term of the school year at the rate of the annual salary, it will be presumed that the contract was to end with the year.

On exceptions by plaintiff.    Overruled.

Assumpsit to recover payment for a year's salary as teacher of the high school in defendant town.    At the trial of the action, after the

plaintiff's evidence was all in, a nonsuit was ordered and thereupon the plaintiff took exceptions.

The case is sufficiently stated in the opinion.

*E. O. Greenleaf,* for plaintiff.

*Joseph E. Moore,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, JJ.

PEABODY, J. The plaintiff brought suit against the defendant town to recover payment for a year's salary as teacher of the high-school.

After the evidence of the plaintiff was closed the justice presiding ordered a nonsuit; and the case comes before this court on exceptions.

The plaintiff was a school teacher of experience and made application for a situation to Tylor M. Coombs, superintendent of schools at Vinalhaven and received from him a letter in reply to come to Rockland and apply in person. He did not do this, but soon after received a telegram from Mr. Coombs which was as follows: "Vinalhaven, Maine, December 28, 1901. A. L. Dennison, Beans Corner, North Jay. Will you take high school here commencing Monday, salary $720 a year? Answer by message. Tylor M. Coombs." Upon receipt of the telegram he sent a message in reply and at once went to Vinalhaven, and reported to the superintendent of schools.

The plaintiff taught the high school two terms, the second and third terms of the school year. He received payment at various times from the town treasurer which amounted to what was full compensation for the two terms.

No contract or trade in reference to his employment was made with anyone except the superintendent and in the manner stated.

He received a letter from him July 7th, 1902, in which he stated that he had had a meeting of the school committee, and they advised a change of teachers in the high-school, and another July 16th, in which he notified him that a vacancy had been declared by the school committee.

The plaintiff was not dismissed for cause, but in a conversation with the superintendent he was informed of some dissatisfaction because the school was small.   He lost a full term of teaching before he obtained another situation although he had made efforts to do so.

At the time of the negotiations between the plaintiff and the superintendent in regard to teaching the Vinalhaven high-school the school committee was by statute charged with the duty of hiring teachers. R. S., (1883), Chap. 11, sec. 87.   But it appears by the evidence that it was customary in that town for the superintendent to hire the teachers.   The school committee could not delegate this authority to any other person or persons in the sense of relieving themselves from responsibility, but there can be no question that the superintendent of schools could employ teachers at their request.   Story on Agency, sec. 12—16.   The maxim delegata potestas non potest delegari does not apply.   They had his assistance merely as an instrumentality in performing their official duty.   The plaintiff was justified in assuming that the superintendent, when so holding himself out, was authorized to make with him a valid contract for teaching the high-school. *Emerson, et al.,* v. *Providence Hat Mfg. Co.,* 12 Mass. 237.   The officers of the town recognized the hiring as legal, and paid the plaintiff upon bills approved by the superintendent; and the action of the school committee was a recognition of the plaintiff's employment when they held a meeting and advised a change in the teachers of the high-school.   1 Dillon's Mun. Cor., sec. 464; *Wilson* v. *School District,* 32 N. H. 118.   Even if the superintendent employed the plaintiff without any special authority his action was ratified by the acts of the school committee and town treasurer.   *Woodbury* v. *Inhabitants of Knox,* 74 Maine, 462; *Mitchell* v. *Rockland,* 52 Maine, 118; *French* v. *Auburn,* 92 Maine, 452; *Otis, et al.,* v. *Stockton,* 76 Maine, 506; *Peirce* v. *Morse-Oliver Bldg. Co.,* 94 Maine, 406; *Pierce* v. *Greenfield,* 96 Maine, 350.

The contract upon which the action is brought originated in the telegram of the superintendent and the reply of the plaintiff, and is to be interpreted in connection with other facts indicating the intention and understanding of the parties.   The telegram stated no definite term of hiring but named the amount of the annual salary.

Had the proposition been made prior to the beginning of the school year the inference would be that a full year was meant, but the plaintiff's engagement beginning later the logical term of his employment was for the remainder of the year. He knew when the school year began and closed, and he must be presumed to have understood the contract as the school committee and superintendent did, as indicated by their action. It does not appear that he made any protest or tender of his services upon receiving notice of his dismissal. The plaintiff has been paid for the period of his service.

*Exceptions overruled.*