Parrick v. School District.

No. 20,863.

MATTIE E. PARRICK, *Appellee*, v. SCHOOL DISTRICT No. 1, in the Counties of Riley and Geary, *Appellant*.

### SYLLABUS BY THE COURT.

1. SCHOOL TEACHER — *Irregular Employment — Ratification.* Where a teacher was employed by the members of a school board without a formal meeting of the board and a contract was signed by two members of the board engaging her services for a school term of eight months, and the contract delivered to her, and under such irregular employment she was permitted to teach for four months, and school warrants for her services signed by the members of the board were issued each month in her favor and she was paid pursuant thereto in accordance with her contract, the circumstances recited amount to a ratification of her irregular contract of employment.

2. SAME — *Midwinter Vacation — Extended by Teacher — Negligence — Statute.* Where a school board informally determines to have a midwinter vacation of two weeks on account of bad roads and shortage of coal, and the teacher occupies her vacation by getting married and postpones the reopening of school for another week on that account, notifying the board of her purpose to defer the reopening of the school but not receiving their assent thereto, the conduct of the teacher in failing to reopen the school at the time informally determined upon by the board is a question of negligence governed by section 8975 of the General Statutes of 1915.

3. SCHOOL TEACHER — *Negligence—Dismissed—Concurrence of County Superintendent.* The statute governing the dismissal of a teacher for negligence requires the concurrence of the county superintendent,

without which a dismissal of the teacher by the board does not relieve the school district from liability to the teacher under the contract of employment.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed May 12, 1917. Affirmed.

*James V. Humphrey,* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*Frank L. Williams,* of Clay Center, and *Ambrose M. Johnston,* of Manhattan, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was employed as teacher in the defendant school district for a term of eight months beginning in September, 1914. The board dismissed her because she took an extra week's holidays at Christmas time without the consent of the school board.

It seems that it was informally understood between the school board and the teacher that owing to bad roads and shortage of coal the midwinter vacation should last two weeks and that the school should be reopened on January 4, 1915. The teacher was told by the clerk of the board that the time could be made up by extending the school another week in the spring.

The teacher was married during the vacation, and wrote to the clerk of the school board:

"Important business detains me for another week so I'll not be back until Jan. 10th. Will you please let the other children know when I'll be back."

This did not suit the members of the school board, and within a day or two after January 4 another teacher was employed. When the plaintiff appeared for duty the following week the clerk of the board informed her that on account of her taking the extra week she had broken her contract and had dismissed herself.

After some parleying the plaintiff and the school board went to the county seat to have a meeting with the county superintendent to consider the matter in conference with that officer, pursuant to the statute (Gen. Stat. 1915, § 8975), which provides that the district board in conjunction with the county superintendent may dismiss a teacher "for incompetency,

cruelty, negligence or immorality." The only basis for invoking this statute was on the question of negligence. The county superintendent disagreed with the school board and stated that while she hoped, the teacher would resign, she said:

"I told the board that I could not concur in the dismissal of the plaintiff for it seemed to me she had not been sufficiently negligent for her dismissal. . . . I told them [the board] that I thought she had not done just right in adjourning school over one week. . . . I hoped they [the board] would change their minds, and I made it plain to them that I felt I could n't concur in the dismissal of the teacher."

After the term of school closed, the plaintiff not having secured other professional employment in the interim and there being no suggestion that with diligence she might have done so, this action was begun, and judgment was rendered against the school district for the teacher's wages for four months, which was the remainder of the school term according to her contract.

The defendant school district contends that the contract of employment was never formally entered into between the school board and the teacher, that she procured her employment merely by interviewing the members of the school board individually, and that her contract was executed in the same irregular way. Of course this procedure was invalid. But pursuant to this irregular contract and employment the teacher was permitted to open school in September and to teach for four months, and the board paid her regularly month by month for her services. In view of this, a defense based upon the irregularity of her contract of employment should not be countenanced. The board were more derelict than the teacher. It was their duty to meet formally to employ a teacher and to contract formally with her. It was their duty to meet regularly each month and order payment of her salary as it became due. They had no right to disburse the district funds in any other manner. If the acts of the school board were called in question for irregularly paying out the district funds the members of the board would exercise their wits to show that the district funds were disbursed with sufficient regularity to relieve them personally. Doubtless they are upright men, but it is shown that they had not in several years had a formal meeting as a school board, and the new teacher secured to supplant the

plaintiff was employed in the same irregular way. One member of the board testified:

"The signature [to the plaintiff teacher's contract] . . . looks like my wife's writing. She has signed a school order or two when I was not at home without my consent. . . . I have been a member of the board for seven or eight years. . . . We have always employed the teacher without a meeting of the board. Miss Martin [the new teacher] was employed the same way. . . . I did not learn until after this trouble arose that the law required a board to meet as a board in order to elect teachers."

We think that since the irregularities touching the contract of employment and its execution were those of the school board rather than those of the teacher, there was a sufficient ratification, for the purpose of this case, by permitting her to teach four months under her contract and by paying her from month to month in accordance with its terms. Of course this ratification was of a piece with the loose, irregular conduct which had characterized all the acts of the school board, but under the circumstances we think it was so closely akin to ratification that it will be recognized as such. (*Sullivan v. School District,* 39 Kan. 347, 18 Pac. 287; *Jones v. School District,* 7 Kan. App. 372, 51 Pac. 927; *School District v. Stone,* 14 Colo. App. 211, 59 Pac. 885; *Hull v. Ind. Dist. Aplington,* 82 Iowa, 686; *Crane v. School District No. Six,* 61 Mich. 299; *Graham v. School District,* 33 Ore. 263, 54 Pac. 185; 35 Cyc. 1085.)

Turning now to the ground of the teacher's dismissal for negligence: The statute provides that the sanction of the county superintendent is necessary to dismiss a teacher for that delinquency. For reasons which seemed sufficient to the county superintendent, she withheld her concurrence therein. The county superintendent had a right to exercise her discretion—her own good judgment—with due consideration to all the circumstances. With the exercise of that discretion the court has no right to interfere. It is not enough that the court might think the circumstances sufficient to justify the dismissal of the teacher. Unless the court is prepared to hold that the superintendent had abused her discretion in refusing to sanction the teacher's dismissal, we may not meddle with this official matter vested in her by the statute. (*School District v. Davies,* 69 Kan. 162, 76 Pac. 409; *Board of Education v. Shepherd,* 90 Kan. 628, 135 Pac. 605.) Although a majority

of the school board may bind the board (Gen. Stat. 1915, § 10,973, fourth clause), the authority for dismissing a teacher for negligence, etc., is not vested in a mere majority of four persons, the three members of the board and the superintendent, but requires the independent assent of the superintendent in addition to that of the board. While the assent of a majority of the school board would be sufficient to fix the attitude of the board, the independent concurrence of the superintendent being withheld and denied, the pretended dismissal of the teacher was of no legal effect. (*The State, ex rel., v. Haskell County,* 92 Kan. 961, 142 Pac. 246.)  In this way the legislature, in its wisdom, has sought to safeguard district school teachers from dismissal without sufficient cause or through arbitrary action, caprice or injustice on the part of the school board.

A line of argument discussed is that the statute governing dismissal of teachers for negligence was not applicable.  If not, then the question was properly submitted to the jury as to whether the taking of an extra week's vacation, under all the circumstances, was such a breach of the contract by the teacher as to warrant its rescission by the school board.  This phase of the case was fully covered by the instructions.  We incline to the view that the matter was governed by the statute (Gen. Stat. 1915, § 8975), but although the trial court did not take that view of the case, the result is not affected. (*Saylor v. Crooker,* 97 Kan. 624, Syl. ¶ 4, 156 Pac. 737.)

We discern nothing more in this case that needs discussion. The judgment is affirmed.