[Civil No. 1636.    Filed April 24, 1919.]

[180 Pac. 442.]

## FRANK O. HERMANCE, Appellant, v. PUBLIC SCHOOL DISTRICT No. 2 OF MARICOPA COUNTY, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BOARDS—TRANSACTION OF BUSINESS.—Under Civil Code of Arizona of 1913, paragraph 2733, and paragraph 5552, subdivision 2, any two of the three members of a board of school trustees can transact business.

2. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BOARDS—TRANSACTION OF BUSINESS—EMPLOYMENT OF TEACHERS.—In absence of statutory requirement that employment of teachers shall be done only at meetings of board of trustees, or that the board shall transact official business only at a general or special meeting regularly convened, it is not necessary that formal meeting be held for purpose of employing teacher.

3. MUNICIPAL CORPORATIONS—CONTRACTS—VALIDITY—IRREGULARITIES. Generally, a contract which is within the scope of the powers of a municipal corporation or public body, but which, owing to some irregularity, is not binding upon the corporation or body, may be ratified.

4. MUNICIPAL CORPORATIONS—CONTRACTS—RATIFICATION.—A municipal corporation's contract, which is not binding upon the corporation because of some irregularity, may be ratified, though statute requires the contract be in writing.

5. CONTRACTS — IRREGULARITIES — RATIFICATION.—As a general proposition, there can be no ratification of an unauthorized or irregular contract, without full knowledge on the part of the party alleged to have ratified of all the insufficiencies or irregularities.

6. SCHOOLS AND SCHOOL DISTRICTS—IRREGULAR CONTRACT—RATIFICATION.—The rule that an irregular contract cannot be ratified, except with full knowledge of the irregularities by party ratifying, does not apply to officers of school district, since such officers are bound to know the facts relating to the irregularities.

7. SCHOOLS AND SCHOOL DISTRICTS—DUTY OF SCHOOL BOARD.—It is the duty of officers of school district to provide teachers, and to make contracts with them, and to know under what conditions a teacher, whom they know to be teaching, claims to act.

8. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S CONTRACT—IRREGULARITY—RATIFICATION.—Where teacher's contract, required to be signed by two trustees, was signed by only one of them, but trustee not signing knew that the teacher was teaching, without objecting

thereto, and concurred in paying teacher's salary, the school district ratified the contract.

9. CONTRACTS — RATIFICATION — RETROACTIVE EFFECT.—Ratification of contract extends back to the inception of the contract, and makes it valid from the beginning.

10. CONTRACTS—PLEADING—VARIANCE.—There is no variance between pleading of written contract and proof of ratified irregular contract, since the ratification takes effect from the inception of the contract.

11. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S CONTRACT—CONSTRUCTION.—Provision of teacher's contract that, in case the teacher "proves unsatisfactory as instructor, the board, upon the sanction of a competent judge, reserves the right to dismiss upon 15 days' notice," does not prevent discharge of teacher for good cause; the term "upon the sanction of a competent judge" applying only to the particular manner of discharge provided for in such provision.

[As to ratification of alteration of instrument, see note in 86 Am. St. Rep. 126.]

APPEAL from a judgment of the Superior Court of the county of Maricopa. F. H. Lyman, Judge. Judgment reversed and cause remanded, with directions to grant a new trial.

Mr. M. T. Phelps and Mr. James E. Nelson, for Appellant.

Mr. L. M. Laney, County Attorney, for Appellee.

PATTEE, Superior Judge.—This is an action to recover damages for breach of a contract of employment as a school-teacher. The complaint alleges that on the nineteenth day of April, 1916, the plaintiff entered into a written contract with the board of trustees of school district No. 2, by the terms of which he was employed as a school-teacher for the period of eight months; that in the month of September, 1916, he entered upon the performance of his duties pursuant to the contract, and continued in such performance until the twenty-eighth day of December, 1916, when he was notified that he was discharged, and that his services would cease on the second day of January, 1917. The wrongfulness of the discharge and the willingness and ability of the plaintiff to perform the services provided in the contract are alleged, and judgment is prayed for the amount of the stipulated salary for the

remainder of the term of the contract as damages, less certain sums earned during the remainder of the term.

In its answer the defendant denied the making of the contract alleged, and also pleaded certain matters claimed to justify the discharge of the appellant; but, as these latter matters were never reached in the consideration of the case in the court below, they require no consideration here.

From the evidence it appears that at the time of the making of the alleged contract the board of trustees of the defendant school district were one Lewis, who was also clerk of the board, one Anderson and one Hall. Hall removed from the school district about the time of the making of the alleged contract, probably shortly after, and it is claimed that he thereby vacated his office as trustee. But it does not appear that he had any knowledge of the making of any contract with the appellant, or took any part in the negotiations that led up to the appellant's entry upon his duties as teacher. Prior to the signing of the written instrument claimed to constitute the contract, two of the trustees, Lewis and Anderson, had some informal conversations, in which the subject of employing a male teacher for the ensuing school year was discussed, and later in an informal conversation between Lewis and Anderson it was in effect determined to employ the appellant. This determination was communicated to the appellant, who thereupon prepared a form of contract and presented it to Lewis, and the form of contract as presented was signed by Lewis and by the appellant. It was then delivered to the appellant, in order that he might procure the signature of Anderson. Appellant then went to the residence of Anderson for that purpose, but, not finding him, returned to Lewis and delivered to him the instrument in question as it then was, signed by the appellant and Lewis only. The instrument as delivered to Lewis was denominated a teacher's contract. In form it contained an agreement on the part of the appellant to teach the public school of the appellee for a term of not less than eight months, commencing on the second Monday in September, 1916, and to well and faithfully perform the duties of teacher in said school. In consideration of such service, according to the form of the contract, the trustees in behalf of the school district agreed to pay the appellant the sum of ninety dollars per school month in the manner

prescribed by law.   The instrument also contains this provision:

"In case said Frank O. Hermance proves unsatisfactory as instructor, the board, upon the sanction of a competent judge, reserves the right to dismiss upon fifteen days' notice the said Frank O. Hermance."

This latter provision seems, from the evidence, to have been inserted by the appellant prior to the signing of the instrument by himself and Lewis.

Nothing further was done in the way of signing this instrument, nor does it appear to have been approved at any formal meeting of the board of trustees.   Nevertheless, during the month of September, 1916, the appellant entered upon the performance of the duties of teacher in the appellee's public school, and continued to teach until the twenty-eighth day of December, 1916, at which time he was notified that he was discharged as teacher, and that his services would terminate on the second day of January, 1917.   During the time appellant acted as teacher he was regularly paid a monthly salary at the rate provided in the written instrument; orders or vouchers for his compensation being signed by Lewis and Anderson, or by Anderson and one Hinkle, who had become a member of the board of trustees.   During the time that appellant was engaged in teaching the school, Lewis, one of the trustees and the clerk of the board, removed from the district, and thereupon delivered to the appellant the books and papers of the district, including the instrument sued upon as a contract, and appellant thereupon delivered them to Anderson.   This occurred some time before the differences arose which led to the discharge of appellant, and thereafter he was paid as before stated; orders for his monthly salary being signed by Anderson and another trustee.

At the trial the appellant, after introducing evidence tending to prove the facts before stated, offered in evidence the written instrument claimed to constitute the contract sued upon.   Upon objection that the instrument upon its face did not constitute a contract of the school district, being executed by but one of the trustees, the trial court excluded the instrument, holding as a matter of law that the instrument did not constitute such a contract upon its face, and that the evidence was insufficient to show a ratification of the alleged contract. A verdict was thereupon directed for the appellant for the

sum of $80.85, being a balance claimed to be due for salary during the time that the appellant was actually engaged in teaching. From the judgment upon the verdict, and from an order denying his motion for a new trial, the plaintiff appeals to this court.

The powers and duties of trustees of school districts are prescribed by paragraph 2733, Revised Statutes of Arizona of 1913. By that statute the entire management and control of the affairs of a school district, with some exceptions not here important, are vested in the board of trustees. Subdivision 8 of this paragraph authorizes the board of trustees "to employ, under written contract, all employees of the schools. Boards of trustees may, at any time after the annual school election and qualification of new members of the school board, enter into contracts with teachers, principals, janitors, attendance officers, school physician and such other employees as are necessary for the succeeding year, and fix their salaries."

By this statute teachers are classified as employees, and it is conceded that the effect of this provision is to provide for the employment of teachers by written contract. The statute is silent as to the manner in which such contract shall be executed. Subdivision 1 provides that it shall be the duty of the trustees to meet on the first Saturday in April after the school election and organize, by electing from their number a president and a clerk. No other provision is made respecting meetings of the board or the manner in which the business shall be transacted. This statute, in connection with subdivision 2 of paragraph 5552, Revised Statutes of 1913, authorizes any two members of the board of trustees to transact business. *Schuerman* v. *Territory,* 7 Ariz. 62, 60 Pac. 895. In the absence of statutory requirement that the employment of teachers shall be done only at a meeting of the board, or that the board shall transact official business only at a general or special meeting regularly convened, it is not necessary that formal meetings be held, or the business of employing teachers transacted at such meetings. *School Dist. No. 25* v. *Stone,* 14 Colo. App. 211, 59 Pac. 885.

In the absence of some showing that the board of trustees in this case had authorized the contract to be executed by one of their number, it may be conceded that the contract is irregular and unenforceable, because signed by only one

member of the board.   The question is whether such contract may be and has been ratified by the acts and conduct of the members of the board, so as to make it binding upon the school district.

The general rule is that a contract which is within the scope of the powers of a municipal corporation or public body, but which, owing to some irregularity, is not binding upon the corporation or body, may be ratified.   1 Elliott on Contracts, § 612.

Ratification may take place, though the statute requires the contract to be in writing.   *North River Electric Light & Power Co.* v. *City of New York,* 48 App. Div. 14, 62 N. Y. 726.

In this case the evidence shows that there was an actual employment of the plaintiff as teacher, though such employment was made in informal conversations between two members of the board.   The insufficiency of the contract consists simply in its not being signed by two members of the board. Contracts subject to similar or equally serious objections have in many cases been held subject to ratification, and to have been ratified by the acts and conduct of the governing body of the school district.

In *School District No. 47* v. *Goodwin,* 81 Ark. 143, 98 S. W. 696, the written contract of employment of a teacher was signed by only two directors; the other declining to sign it. The nonassenting director was secretary of the board and drew warrants in favor of the teacher for two months' salary. Although he refused to sign the contract or warrants, the same were signed by the other members of the board, and the teacher continued to perform the duties of her employment without objection.   It was held that the contract had been ratified by the conduct of the school board.

A statute of Oregon governing the conduct of school trustees expressly provided that the duties of that body must be performed at a regular or special meeting and must be made a matter of record; that the consent of individual members, when not in session, is not the act of the board and is not binding upon the district; and that the directors when employing teachers shall enter into a written contract with them, to which contract the assent of both parties must be given in writing.   In an action brought by a teacher to recover upon a contract signed by only two of the school direc-

tors and the plaintiff and not entered into at a regular or special meeting of the board, the court said:

"School boards are not unlike the governing boards of other municipalities and corporations, and may by their subsequent acts so adopt or ratify contracts within the scope of their powers, informally entered into or executed, that the districts for which they act will be estopped to deny their validity." *Graham* v. *School Dist. No. 69*, 33 Or. 263, 54 Pac. 185.

And it was held that, by permitting the teacher to enter upon the performance of the contract and paying the stipulated salary without objection for several months, the contract—though irregularly entered into and insufficiently executed—had been ratified and was binding upon the school district.

In *Crane* v. *Bennington School District*, 61 Mich. 299, 28 N. W. 105, it is said:

"When it was admitted without any dispute that the plaintiff taught under this contract for ten weeks, with the sanction and consent of the officers, and that orders were drawn by the proper officers for his pay as such teacher, and cashed by the assessor, who did not sign the contract, without any objection, it became entirely immaterial what the book of records showed, or whether there was any corporate action in hiring him or authorizing the contract. The defendant must be held not only estopped by the action of its officers from questioning the validity of the contract, but treated as having fully ratified and confirmed it. . . . It was not necessary that there should be a direct proceeding with an express intent to ratify. 'It may be done indirectly, and by acts of recognition or acquiescence, or acts inconsistent with repudiation or disapproval.' . . . It was not necessary that these three officers should formally meet together, pass a resolution confirming the contract, and record it, in order to ratify the action of the moderator and director in hiring the plaintiff and executing the contract sued upon. Their acts, in drawing and paying the orders without any demurrer or protest, was a sufficient recognition and approval of the contract."

To the same effect are the following additional authorities: *Jones* v. *School District*, 7 Kan. App. 372, 51 Pac. 927; *Dennison* v. *Inhabitants of Vinalhaven*, 100 Me. 136, 60 Atl. 798;

*Chalmers* v. *School District,* 170 Mich. 250, 136 N. W. 386;
*Sullivan* v. *School District,* 39 Kan. 347, 18 Pac. 287.

It is urged, however, that there can be no ratification of
an unauthorized or irregular contract without full knowledge,
on the part of the party alleged to have ratified, of all the
insufficiencies or irregularities in the contract.   This is true
as a general proposition, but it does not affect the question in
cases where the officers of a body like a school district are
bound to know the facts relating to the insufficiency or irregu-
larity.   The evidence in this case shows that one of the trus-
tees, Lewis, was fully advised of the condition of the contract;
he having signed it.   The instrument itself, from the time of
the signing by Lewis and the plaintiff, remained with the
clerk of the board of trustees, its proper custodian.   The other
trustee, Anderson, had concurred in the employment of the
plaintiff and had directed Lewis to employ him.   Anderson
presumably knew that the statute required that the contract
of employment must be in writing.   He knew that, as a mat-
ter of fact, the plaintiff entered upon his duties as a teacher
and taught the school for several months.   He had signed
orders for the payment of the monthly salary of the teacher,
first with Lewis, and afterward in conjunction with another
trustee, without objection or suggestion that there was any
irregularity or defect in the contract of employment.   In
November, at a time when the plaintiff was still engaged in
performing his duties as teacher, the books and records of the
district, including the instrument asserted to be a contract,
were delivered to him (Anderson), and thereafter remained
in his possession.   He testifies that he does not recall whether
he read the contract; but he could have done so at any time,
and he knew, of course, that he had not signed it.   In this
situation the salutary rule stated by the supreme court of
Michigan has full application:

"It further appeared affirmatively that the officer not sign-
ing the contract knew that plaintiff was teaching, and not
only made no objection, but concurred in paying the money
that was paid.   It is the business of school districts to keep
up public schools, and it is the duty of the officers to provide
teachers, and to make contracts with them.   It is their duty
to know under what conditions a teacher, whom they know to
be teaching, claims to act."   *Holloway* v. *Ogden School Dist.,*
62 Mich. 153, 28 N. W. 764.

This rule, calculated to prevent inattention and careless-ness on the part of school trustees, must govern in this case. Upon the undisputed evidence in this case, it must be held that the contract, though irregularly executed, had been fully ratified by the school district, and it was error to exclude it.

At the argument it was suggested that there was a variance between the allegations of the complaint and the proof, in that the complaint alleged a written contract as of the date when the defective instrument was executed. But it is well settled that ratification extends back to the inception of the contract and makes it valid from the beginning. A ratified contract takes effect from its inception, and may therefore properly be declared upon as if originally valid.

In view of another trial, it may be stated that the provision in the contract relating to the right to dismiss a teacher upon fifteen days' notice, containing the apparently meaningless expression, "upon the sanction of a competent judge," applies only to the particular manner of discharge therein provided, and does not prevent the discharge of the teacher for good cause.

Judgment reversed and cause remanded, with directions to grant a new trial.

CUNNINGHAM, C. J., and ROSS, J., concur.

NOTE.—Judge BAKER, being disqualified to sit as judge in the above case, took no part in the decision thereof.