JOHN T. CRANE v. SCHOOL DISTRICT NUMBER SIX OF THE TOWNSHIP OF BENNINGTON.

*School-district board—Contract with teacher—If signed by a majority of the board, is presumptively valid on its face—And admissible in evidence without further proof—Official character of members signing may be shown by parol—Payment by the assessor, without objection, of orders drawn on him by the director and moderator for salary of teacher— Estops the district from denying validity of contract under which such services were rendered—Amounts to a ratification of the contract—Direct proceedings by the district board not essential to such ratification—May be shown by acts of recognition or acts inconsistent with its repudiation— Hazen v. Lerche, 47 Mich. 626, distinguished.*

1. Plaintiff entered into a written contract with defendant, in the usual form, to teach its school for twenty weeks. It was signed by the director and moderator *unofficially*, and by plaintiff as teacher, who taught for ten weeks, and was paid eighty dollars by the assessor, *without objection,* on orders drawn on that officer in the usual form, and then discharged without cause, as he claims, by the district officers. At the expiration of the term contracted for, plaintiff brought suit on *the contract* to recover pay for the balance due for twenty weeks' services. On the trial, after testifying to the official character of the parties who signed the contract, it was offered in evidence, and objected to by defendant in the absence of proof that it was authorized by a resolution of the district board, which objection was overruled, the court holding that the contract was *prima facie* evidence of its due execution by the officers signing same. Plaintiff introduced in evidence his certificate from the proper officer, and made proof tending to show his discharge without cause and his readiness to perform his contract, while defendant introduced testimony tending to show plaintiff's voluntary abandonment of the school and his *unfitness* and *incompetency* as a teacher, which issue was left to the jury, with instructions that a finding for defendant thereon would defeat plaintiff's recovery, except for the time actually taught. The jury rendered a *general* verdict for the plaintiff for the *full* amount claimed.

*Held,* that it was not imperative that the contract should be signed by *all* of the district officers, and that a contract signed by a *majority* of the district board is *presumptively* valid on its face, and admissible in evidence without further proof.

2. It is competent on the trial of a suit founded on a contract with a school district, claimed to have been signed by a majority of its district board, to show by parol *who* constituted such board.

3. A contract with a *legally qualified* teacher was signed by the director and moderator, under which he was allowed to teach for ten weeks, and received payments on account of his services from the assessor, without objection on the part of that officer, on orders drawn in the usual manner, when he was discharged by the district officers *without cause,* as found by the jury.

    *Held,* in a suit brought by the teacher on the contract to recover pay for the *full* term of service contracted for, that the defendant was estopped by the action of its officers from questioning the validity of the contract, they having fully ratified and confirmed it.

    *Held,* further, that such ratification need not be evidenced by a *direct* proceeding to that end, but may be shown *indirectly* by acts of recognition or acquiescence, or acts inconsistent with repudiation or disapproval. *Scott v. F. M. Church of Jackson,* 50 Mich. 532, and cases cited.

    *Held,* further, that the drawing and payment of the orders *without objection* was a sufficient recognition and approval of the contract, which was acted upon by all parties interested until other controversies arose, when it was too late to object to the want of formalities in making and executing the same.

4. The case of *Hazen v. Lerche,* 47 Mich. 626, is distinguished from the one at bar, it being suggested that it might have been decisive if the assessor had *refused* payment of the first order drawn in favor of plaintiff.

Error to Shiawassee. (Newton, J.) Argued April 27, 1886. Decided May 6, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion and head-notes.

*S. F. Smith* and *Frank H. Watson,* for appellant :

How. Stat. § 5065, provides that "the *district board* shall hire and contract with such duly qualified teachers as may be required," etc.

The director of a school district is required :

1. "To act as clerk, when present, at all meetings of the district and of the board."

2. "To record the proceedings of all district meetings, and the minutes of all meetings, orders, resolutions, and other proceedings of the board, in proper record books.

3. "To draw and sign all contracts with teachers, *when directed by the district board,* and present them to the other members of the board for further signature." How. Stat. § 5073 (sub. 1, 2, 5).

The statute further provides "that no act authorized to be done by the district board shall be valid unless voted at a meeting of the board." How. Stat. § 5058.

In *Hazen v. Lerche*, 47 Mich. 626, this Court held that "a school teacher cannot be lawfully employed by two members of the district board, without the *concurrence* of the third, and without convening any meeting of the board." (This case was an application for a *mandamus* to compel the assessor to pay an order. See note, page 306, for statement of facts.—REPORTER.)

The *original* contract is required to be filed with the director, and a duplicate copy furnished the teacher : How. Stat. § 5065 ; but this does not change the general rule, and the *original* is still the *primary* evidence.

Again, plaintiff did not show, nor did it appear, that the contract received in evidence was the original or duplicate, and it was error to admit it until it was shown that *some* contract had been authorized by the district board by a vote at one of its meetings. The district can only be bound by *corporate* action : *Detroit v. Blackeby*, 21 Mich. 113 ; which must appear before the result of such action can be shown to bind defendant.

Defendant's officers are not its agents. *Id.*

*Jerome E. Turner* and *Jerome W. Turner*, for plaintiff :

Defendant was *estopped* by the action of its officers, and their ratification of the contract signed by a majority of them in its behalf, from denying its validity. It was a representation, as also were the payments made under it in consideration of the services rendered by plaintiff.

In proper cases, a party is never estopped from showing that he did not do that which he did not have the *power* to do, but the converse is true,—that, under such circumstances as appear in this case, a party is always estopped from denying that he did what he had power to do. The district board had power to make this contract, and it could not deny it, under the facts shown, as it would be a fraud on the plaintiff.

In the case of *Hazen v. Lerche*, 47 Mich. 626, two members of the board hired a teacher without holding an official meeting, and without the knowledge of the assessor, who refused to pay an order drawn on him for a month's salary, and a *mandamus* to compel such payment was refused. It is not analogous to this case, where the recording of the contract sued on in the district records, with the presumption in

favor of the performance of official duty, shows *prima facie*
such a meeting, which defendant should not be allowed to
deny. In that case (as reported) it does not appear that a
written contract existed, nor that any payments had been
made the teacher thereunder, or any contract relations with
him recognized. *Episcopal Charitable Society v. Episcopal
Church*, 1 Pick. 372; *Hayward v. Pilgrim Society*, 21 Id.
270; *Randall v. Van Vechten*, 19 Johns. 60.

Again, there has been a ratification of the contract. If no
meeting of the board was held, as required by law, it seems
the individual members thought so, and treated it as a valid
contract (*Scott v. F. M. Church of Jackson*, 50 Mich. 528),
and this amounted to a ratification. If, as was intimated in
*Taymouth v. Koehler*, 35 Mich. 27, such ratification must be
by the board, *as a board*, at a *regular* session, under the
peculiar circumstances of this case, the concurrent action of
*all* of the district officers in drawing and paying orders is
sufficient evidence both of such meeting and ratification, and
any other rule would work disastrous results : *Scott v. F. M.
Church of Jackson*, 50 Mich. 528.

MORSE, J. After the plaintiff had taught school for the
defendant for about ten weeks under the following contract,
he claims he was discharged without cause by the school
officers :

"It is hereby contracted and agreed between School Dis-
trict No. 6, of the township of Bennington, Shiawassee
county, Michigan, and John T. Crane, a legally qualified
teacher in said township, that the said John T. Crane shall
teach the school in said district for the term of twenty
weeks, commencing the fifth of November, 1883.

"And the said Crane agrees faithfully to keep a correct
list of the pupils, and the age of each, attending school, and
the number of days each pupil is present, and furnish the
director of the district with a correct copy of the same at the
close of the school ; to observe and enforce the rules and
regulations established by the district board.

"Said district board, in behalf of said district, agrees to
keep the school-house in good repair, and provide the neces-
sary fuel to keep the school-house in a comfortable condi-
tion, and to pay the said John T. Crane for his services as
teacher, to be faithfully and truly performed and rendered,
the sum of two hundred dollars, that sum being the amount
they have both agreed on, to be paid on or before the first
day of April, 1884; *Provided*, that in case said Crane shall

be dismissed from the school by the board for gross immorality, or violation of this contract, or shall permit his certificate of qualification to expire, or shall have said certificate annulled or suspended by the county board of examiners or other legal authority, he shall not be entitled to any compensation from and after such annulment, suspension, or dismissal.

"In witness whereof, we have hereunto set our names this twenty-second day of November, 1883.

"GEORGE E. MARTIN,
"B. B. HARDY, and
"JOHN T. CRANE, Teacher."

The plaintiff commenced suit in the recorder's court in Corunna, declaring in assumpsit verbally upon the contract. The defendant pleaded orally the general issue, with notice of recoupment, which notice is not set out in the record. Trial was had before a jury, who returned a verdict in plaintiff's favor for $100.

The defendant appealed to the circuit, where, upon a trial, the jury also found in favor of the plaintiff, assessing his damages at $129.45.

The plaintiff based his right to recover upon this contract, and for the whole twenty weeks, less the sum of eighty dollars, which had been paid him.

The defendant objected to the admission of the contract in evidence, on the ground that it was incumbent on the plaintiff to show that the making of the contract was authorized by a resolution of the school board before it was competent to be received in the case.

The court overruled the objection, and admitted the contract, as being in itself *prima facie* evidence that it was executed by the moderator and director, under proper authority to do so.[1]

---

[1] Before offering the contract in evidence plaintiff testified as follows: "I am acquainted with the officers of school district No. 6, of the township of Bennington. The last of October, 1883, was the first I saw them about teaching the school. The contract was drawn up, I think, in November." A paper was shown witness, and he testified that it was the copy of the contract the director gave him. "The signatures to that contract are Geo. E. Martin and B. B. Hardy. Mr. Martin was the director and Mr. Hardy the moderator. It was signed by myself as teacher."

The contract was then offered in evidence, and objected to, as stated in the opinion, after which he testified, against defendant's objection, who composed the district board.

The plaintiff was also allowed, against the objection of defendant, to show who were acting as officers of the school district at the time the contract was made. He further presented his certificate as a teacher from the proper official, and testified that he taught the school ten weeks, and that during that time he received an order for sixty dollars, upon which he drew the money. A twenty-dollar order was also drawn, which was indorsed by plaintiff. Some dispute arose in the testimony as to the disposition of this order; the plaintiff claiming that he left the order in a scrap-book at the house of the director, Mr. Martin, who took it and got it cashed, and applied the proceeds upon plaintiff's board-bill, without his consent; and the director swearing that plaintiff turned it out to him in payment of board. As the jury did not allow the value of this order to the plaintiff, but treated it as a payment upon his claim, the discrepancy between the two statements does not become material.

Both orders were drawn upon the assessor by the director, and countersigned by the moderator, and the assessor paid them without question.

The main defense of the district was founded upon the decision of this Court in *Hazen v. Lerche*, 47 Mich. 626.

The contract was not signed by the assessor, and the defendant offered to show that there was no resolution of record in the book containing the proceedings of the district board authorizing the making of this contract or the hiring of plaintiff; that there was no consultation of the three officers, or any two of them, at any time in relation to the hiring of plaintiff, and that they were not together when the contract was signed, and that there was no corporate action in relation to the execution of the contract or the hiring of plaintiff. The court excluded the offered evidence, upon which ruling error is assigned.

Testimony was also given upon the part of plaintiff tending to show that he performed his contract faithfully until discharged, after which he was ready and willing to perform, and that he was so discharged without just cause, and in violation of the contract. Evidence was introduced by de-

fendant tending to show that the plaintiff voluntarily left the school, and that he was incompetent and unfit as a teacher for several reasons.

The court submitted the case to the jury upon the theory that the plaintiff was entitled to recover upon the contract, if discharged without fault upon his part. He instructed them that if plaintiff voluntarily left the service of defendant he could only recover for the actual time employed in teaching; and that if they found him to have been incompetent or unfit, or if he neglected the duties of a teacher, so that the success and usefulness of the school were impaired, then the officers had a right to discharge him, and he could only recover for the actual time he taught.

He also charged them to deduct the eighty dollars as a payment from the contract price, which they did.

We think the circuit judge was right in his rulings upon the admission of testimony, and that he correctly stated the law to the jury in his charge.

It is not imperative that a contract of this kind shall be signed by all three of the officers. If, at a proper meeting, a majority should vote to employ a teacher, and contract with him, the other officer could not prevent the consummation of their action by refusing to sign the contract.

There might be other reasons, not interfering with the validity of such a contract, why one of the officers did not sign it. A contract signed by a majority of the board, therefore, is presumptively valid on its face, and the circuit judge did not err in admitting it in evidence.

It was also competent to show, by parol proof, who were the officers of the district.

When it was admitted without any dispute that the plaintiff taught under this contract for ten weeks, with the sanction and consent of the officers, and that orders were drawn by the proper officers for his pay as such teacher, and cashed by the assessor, who did not sign the contract, without any objection, it became entirely immaterial what the book of record showed, or whether there was any corporate action in hiring him or authorizing the contract. The defendant

must be held not only estopped by the action of its officers from questioning the validity of the contract, but treated as having fully ratified and confirmed it.

School-district officers cannot be permitted by the law to enter into a written contract with a teacher, none of them denying its validity for ten weeks, or half the term, but recognizing it by making payments upon it, in which payments all join, and then, after the teacher, in the utmost good faith and reliance upon the contract, has taught that length of time, discharge him without cause, and plead in bar of his payment under the contract that they never met and consulted, nor took corporate action in hiring him, or made any record in a book of the execution of the contract.

It appears very clearly in this case that a majority of the school board assented to this contract in the first place, as evidenced by their executing it. It was afterwards ratified by all three of them. It was not necessary that there should be a direct proceeding with an express intent to ratify. "It may be done indirectly, and by acts of recognition or acquiescence, or acts inconsistent with repudiation or disapproval." See *Scott v. Methodist Church of Jackson*, 50 Mich. 532, and cases there cited.

It was not necessary that these three officers should formally meet together, pass a resolution confirming the contract, and record it, in order to ratify the action of the moderator and director in hiring the plaintiff and executing the contract sued upon. Their acts, in drawing and paying the orders without any demur or protest, was a sufficient recognition and approval of the contract. If the assessor had refused payment of the first order drawn, the case might have come within the ruling of *Hazen v. Lerche*, 47 Mich. 626.[1]

---

[1] In this case (as appears from the unprinted record) there was a written contract in the usual form, signed by the director and moderator and relator, who averred in his petition that he taught one month under said contract, and received an order for thirty dollars on the assessor (the wages were payable at the end of each month), signed by the proper officers, and that he presented this order to the assessor for payment, which was refused on the ground that it was illegal.

But here the agreement was acted upon by everybody until other controversies arose, and then it was too late to take exception to the want of formalities in engaging the teacher or executing the contract.

We find no error in the proceedings. The judgment is affirmed, with costs.

The other Justices concurred.