LANGSTON *v.* SCHOOL DISTRICT NO. 3 OF SPRINGWELLS
TOWNSHIP.

SCHOOL TEACHERS—CONTRACT OF HIRING—LIABILITY OF DISTRICT.
Under 2 How. Stat. § 5065, providing that school teachers' con-
tracts shall be in writing, and signed by a majority of the dis-
trict board, and shall specify the wages, etc., a resolution of
a school board authorizing the employment of a specified
person, though supplemented by conversations between such
person and individual members of the board with respect to
the terms of employment, and by the action of the person
designated in appearing at the school at the opening of the
term, and teaching for two days without objection, does not
constitute a contract of hiring binding upon the district.

Error to Wayne; Frazer, J. Submitted October 24,
1899. Decided November 7, 1899.

*Assumpsit* by Isabella Langston against school district
No. 3 of Springwells township upon a teacher's contract.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error. Affirmed.

Plaintiff sued to recover for a year's services as a school
teacher, claiming that she had a contract with the defend-
ant, and was prevented from carrying it out. She had
been employed the year previous under a written contract.
She had some talk with two of the officers of the school
district in February about employment for the next year.
This talk was with Mr. Collins and Mr. Frink, two of
the trustees. She testified that they stated "that I would
be given a school for the following year,—that is, the
year beginning September, 1895,—and also that I would
be made principal of the school at the time." About the
close of the school year, in the latter part of June, she
had a conversation with another trustee, Mr. Roulo, in

which she testified he asked her what wages she wanted; that she replied $50 per month; that he said he did not think the board would pay that, and that she then said to him that she would leave it with the board, and let them settle the matter; that, in a subsequent conversation with Roulo, he stated that they had decided to give her $45. She also testified that Mr. Collins, who was the director of the school board, told her that she was engaged for the next year; that in August she saw Mr. Frink, who told her that they had decided to pay $45, and "wanted to know if I would accept the school for a year; I made no reply, because I knew he was going out of office;" that, on Wednesday before the 1st day of September, she saw Mr. Addison, who was a member of the school board, and asked him when the school would open; that she told him she would be there; that she "demanded the signature of the contract that day, and I asked him to tell the other members of the board I demanded the signature of the contract." She appeared at the school-house, and, it appears, taught two days, after which she was informed that she had not been employed, and was forbidden to teach. The only action of the board appears from the record of a meeting held July 23d, in which the board "ordered the proper officers to hire Miss Pardee, Miss Cumming, and Miss I. Langston as teachers for the ensuing year." The court directed a verdict for the defendant, upon the ground that the statute requires a contract in writing, that the resolution did not fix the rate of wages, and that there was not such action as would bind either Miss Langston or the defendant.

*E. S. Clarkson*, for appellant.

*Alexander Brown* (*James H. Pound*, of counsel), for appellee.

GRANT, C. J. (*after stating the facts*). The statute provides:

"The district board shall hire and contract with such duly-qualified teachers as may be required; and all contracts shall be in writing, and signed by a majority of the board on behalf of the district. Said contracts shall specify the wages agreed upon, and shall require the teacher to keep a correct list of the pupils, and the age of each, attending the school, and the number of days each pupil is present, and to furnish the director with a correct copy of the same at the close of the school. Said contract shall be filed with the director, and a duplicate copy of the contract shall be furnished to the teacher." 2 How. Stat. § 5065.

If it be held that plaintiff had a valid contract with the defendant, then this statute is of no force or effect. There was no contract in writing; and her version of the material conversation is contradicted by the members of the board. The case furnishes an apt illustration of the purpose of this statute. The resolution of the board did not constitute a hiring or fix the terms of a contract, but simply delegated the authority to the proper officers to hire and execute the necessary written contract. As late as August, when asked if she would accept the school, she made no reply. Counsel cites and relies upon *Holloway* v. *School District*, 62 Mich. 153; *Crane* v. *School District*, 61 Mich. 299; *Farrell* v. *School District*, 98 Mich. 45. In *Holloway* v. *School District*, plaintiff had taught the full term provided by the written contract, except the holidays, and the officers knew that plaintiff was teaching. In *Crane* v. *School District*, plaintiff had taught 10 weeks,—half of the term. In *Farrell* v. *School District*, plaintiff was employed by a resolution of the school board. In all these cases contracts were made, and signed by the teachers and all the officers but one. It was held that an officer had not the power to defeat the action of the boards by refusing to sign contracts authorized by them.

The judgment is affirmed.

The other Justices concurred.