HUTCHINS *v.* SCHOOL DISTRICT NO. 1 OF COLFAX TOWN-
SHIP.

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' CONTRACTS—VALIDITY.
Under 2 Comp. Laws, § 4678, requiring all contracts by school-
district boards with teachers to be in writing, an oral con-
tract with a teacher to continue the school for a month after
the expiration of his written contract is not enforceable,
though such teacher has performed the services.

Error to Oceana; Russell, J.    Submitted April 5, 1901.
Decided July 19, 1901.

*Assumpsit* by Daniel B. Hutchins against school
district No. 1 of Colfax township for wages as teacher.
From a judgment for plaintiff, defendant brings error.
Reversed.

*L. M. Hartwick* ( *Hartwick & Skeels,* of counsel ), for
appellant.

*Wallace Foote,* for appellee.

MONTGOMERY, C. J.    Plaintiff is a school teacher, and
had a written contract with defendant district to teach the
school in said district for a term of six months, commenc-
ing on or about December 11, 1898, at $35 per month.
Plaintiff presented himself at the district to teach on that
date, but was informed that the building was not ready;
that he could go home, and, when it was ready, they would
notify him. He was finally notified, and opened school Feb-
ruary 5, 1899. He taught until the expiration of six school
months from December 11, 1898, and testifies that, before
the expiration of this time, he made a new arrangement,
orally, with the board, to continue the school for another
month, under the old contract. The plaintiff has received

pay for the full six months covered by the original contract. He recovered a judgment for $35, the value of the service for the extra month, under the new arrangement, and the defendant brings error.

The defendant contends that the contract, not being in writing, is not enforceable. The plaintiff, on the other hand, contends, first, that this is not a new contract, but an enlargement of the original one, which was in writing. We think this proposition is not tenable. The law contemplates that all the terms of the contract shall be in writing; and if, under a claim of enlarging or continuing a written contract, the board might make the principal part of it rest in parol, it would have the effect to render the statute of little value.

It is further contended that, the contract having been performed by the plaintiff, he is entitled to recover, notwithstanding the statute which requires that all such contracts shall be in writing. There is nothing ambiguous about the terms of this statute. 2 Comp. Laws, § 4678. The district board is a board of limited powers, and no good reason can be urged why, when the statute is express, and limits their power to contracts in writing, it should not be observed. The case of *Langston* v. *School District*, 121 Mich. 654 (80 N. W. 642), affirms that, unless the contract is in writing, it cannot be enforced. In that case the previous cases of the court are considered and distinguished. In *Crane* v. *School District*, 61 Mich. 299 (28 N. W. 105), it is stated in the opinion that a contract signed by a majority of the board is presumptively valid on its face. There was a written contract in that case, so signed. The present question was, therefore, not in the case, but the question there was whether the execution of such a contract, not duly authorized, might be ratified by the board without a formal meeting. It was affirmed that it might. So, in the case of *Holloway* v. *School District*, 62 Mich. 153 (28 N. W. 764), there was a written contract, and the court there held that a contract, valid on its face, actually carried out

in full, and acquiesced in by all concerned, cannot be subsequently repudiated. The effect of these cases is to hold that one contracting with the school district in writing, and whose contract is signed by the officers contemplated by the statute, may rely upon the appearance of authority, and assume, at least after his services have been received without murmur or complaint, that authority had been duly granted to execute the contract. The case of *Jones v. School District*, 110 Mich. 363 (68 N. W. 222), cited by counsel for plaintiff, does not involve a construction of section 4678 at all. That was a case in which all the officers of the district ratified a contract not required by the terms of the statute to be in writing, and the only question was whether the informal action of this board should be sustained. We are here dealing with a case where the plaintiff, presumed to know the law, must be held to know that the contract under which he is assuming to render service to the district is one prohibited by the statute. He is not misled as to the authority of those with whom he assumes to contract, but stands upon equal ground with the school district, and, although it may be a case of hardship, we are constrained to hold that the contract is one not enforceable, and that a verdict should have been directed for the defendant.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.