WHALEN v. BOARD OF EDUCATION OF CITY OF DETROIT.

1. EVIDENCE — OFFICIAL RECORDS — PAROL PROOF OF SIGNING TEACHER'S CONTRACT ADMISSIBLE IN ABSENCE OF RECORD.
   Parol proof that a teacher's contract was signed by the teacher and a majority of the members of the school board at a meeting attended by them was not inadmissible under the rule that official records may not be contradicted by parol, in the absence of any record of the meeting at which the contract was claimed to have been signed; there being no record to contradict.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S CONTRACT.
   Undisputed testimony that a teacher's contract was signed by the teacher and three members of the school board at a meeting attended by them established a valid contract, whether the district was a primary school district or a township school district organized under 2 Comp. Laws 1915, § 5909 et seq., as amended by Act No. 133, Pub. Acts 1921.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted June 20, 1928.    (Docket No. 103, Calendar No. 33,794.)    Decided July 24, 1928.

Assumpsit by Agnes Whalen against the board of education of the city of Detroit for breach of a contract of employment.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Clarence E. Page* and *Vance E. Ingalls,* for appellant.

*John P. Murphy* and *Frank A. Martin,* for appellee.

FELLOWS, J.    For eight or nine years plaintiff taught school in district No. 1, Gratiot township, Wayne county.    It is her claim that in the latter part of March, 1924, she signed a contract for the ensuing year, and that three members of the board then present also signed for the district.    It is her claim that the contract was in a book and that she was not given a copy; that the course pursued was the same as had been pursued in previous years; that she went to the school house in the fall to assume her duties, but was not permitted to do so, and was informed by the then secretary of the board that her contract had been destroyed.    None of the parties named by her was called by defendant as a witness upon this trial.    This action was brought by her against the district.    The district was attached to Detroit and with it went this lawsuit.    The record of the school district does not show a meeting of the board at which plaintiff was hired for the year beginning in September, 1924, nor is the present defendant able to find any such contract, as testified to by plaintiff.

Defendant insists that a teacher's contract must be in writing, authorized by action of a board meeting, and signed pursuant to such action by at least a majority of the board, and it insists that such facts

may not be established by parol testimony. In the final analysis the case was made to turn in the court below and is here made to turn on the question of the admissibility of the parol proof. Defendant's counsel cite a number of cases where this court has held that official records may not be contradicted by parol proof; this rule has uniformly been adhered to by this court, but it is not applicable to the facts of this case. Here we have no record to contradict; there is no record. The testimony does not contradict what is stated in a record, but shows facts omitted to be stated. In the recent case of *Draper* v. *Village of Springwells,* 235 Mich. 168, we had this question before us and fully considered it. That case and the cases therein cited establish the admissibility of the parol testimony.

Plaintiff's testimony establishes, and no witness disputes it, that the contract was in writing, signed at a meeting attended by three members of the board and herself. The record does not affirmatively show whether the district was a primary school district or a township school district organized under 2 Comp. Laws 1915, § 5909 *et seq.,* as amended by Act No. 133, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5909 *et seq.*). If the former the full board attended the meeting and signed the contract; if the latter, a majority of the board attended the meeting and signed the contract. In either event it was valid. *Crane* v. *School District,* 61 Mich. 299; *Holloway* v. *School District,* 62 Mich. 153; *Farrell* v. *School District,* 98 Mich. 43; *Chalmers* v. *School District,* 170 Mich. 250.

The judgment will stand affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.