MULLEN v. VAN BUREN CONSOLIDATED SCHOOL DISTRICT.

1. Schools and School Districts—Teacher's Contract—Breach of Contract—Statutes.

Where school superintendent submitted list of teachers, including plaintiff, whom he recommended for employment, and said recommendation was approved by resolution of school board, but plaintiff's contract was never signed by any member of said board, there was no contract, and therefore no recovery could be had for breach thereof (2 Comp. Laws 1929, § 7156 [q]).

2. Same—Estoppel.

Where school teacher's contract was never signed by any member of school board, and no services were ever rendered thereunder, she is not entitled to recover on ground of estoppel, although superintendent's recommendation that she be employed was approved by resolution of said board.

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted January 25, 1933. (Docket No. 163, Calendar No. 36,574.) Decided April 4, 1933.

Assumpsit by Inga Mullen against Van Buren Consolidated School District, a municipal corporation, for breach of contract. Judgment for plaintiff. Defendant appeals. Reversed.

*Peter P. Boyle,* for plaintiff.

*Elton R. Nellis,* for defendant.

North, J.   Plaintiff, a school teacher, brought suit in assumpsit against the defendant district for breach of contract.   She had judgment, and defendant has appealed.

Plaintiff was in defendant's employ as a school teacher during the year 1930–1931.   Incident to employing teachers for the school year of 1931–1932, defendant's superintendent submitted a list of teachers, including plaintiff, whom he recommended, which recommendation was approved by resolution of the school board in February, 1931.   On the 10th of April the superintendent delivered to plaintiff for her signature duplicates of a proposed contract. They had not been executed by any member of the school board.   Plaintiff retained the duplicates until May 15, 1931, on which date she returned them to the superintendent properly executed by herself. The proposed contract was for plaintiff's services for 10 months beginning September 1, 1931, at $160 per month.   Nothing further was done relative to the consummation of this contract; and under date of July 25, 1931, the school superintendent by letter advised plaintiff that her contract had not been signed by the school board.   The letter in part reads:

*"Dear Miss Mullen:*

"Am sorry that you did not obtain final information as to your contract before leaving in June.   In talking your attitude over with members of the school board, they have a pretty definite opinion that you should not return.   Your contracts have not been signed by the board."

It is plaintiff's claim that after receipt of the above notice she offered to carry out her contract of

employment, but the school board refused to permit her to do so. A contract had been entered into for the services of another teacher in the place of plaintiff.

Notwithstanding plaintiff claims estoppel on the ground that the conduct of the school board prevented her from securing employment elsewhere, we think the outcome of this case is conclusively controlled by the statute. In part it reads:

"SEC. 26. The board of education shall have the following powers and duties: * * *

"(q) To hire and contract with such legally qualified teachers as may be required, and all contracts shall be in writing and signed by a majority of the board in behalf of the district." 2 Comp. Laws 1929, § 7156.

As noted above, the alleged contract for the breach of which this action is brought was not executed by any member of the school board. The statutory provision is clear and controlling in the instant case. Because of this provision it must be held that plaintiff did not at any time have a contract with the defendant for the year 1931–1932.

Plaintiff seeks to recover upon the ground of estoppel, and in that connection relies upon *McLaughlin* v. *Board of Education,* 255 Mich. 667. The distinction between the instant case and the cited case is clear. In the latter the plaintiff had a contract signed by three members of the school board, and he entered upon the discharge of his duties and performed services under the contract. In the instant case the contractual relation between the parties was never consummated, and no claim is made that any services were rendered thereunder. Further, it was held in the *McLaughlin Case, supra,* that the above-quoted section of the statute does not apply

to a contract for the services of a superintendent, but "applies only to teachers' contracts."

Under the facts here presented, plaintiff's claim of a right of recovery on the ground of estoppel cannot be sustained. Decision is controlled by *Langston* v. *School District,* 121 Mich. 654; *Hutchins* v. *School District,* 128 Mich. 177.

The judgment for plaintiff entered in the circuit, where there was trial before the court without a jury, will be vacated, and judgment entered for defendant. Costs to appellant.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.