SATTLER *v.* FISHER CONTRACTING COMPANY

1. CONTRACTS—PAROL EVIDENCE RULE—APPLICATION.

> The parol evidence rule prohibits looking behind a written contract, which, by its terms, is complete, unconditional, and unambiguous; however, extrinsic evidence which does not vary the terms of a written instrument is not excluded under the parol evidence rule.

2. CONTRACTS—PAROL EVIDENCE RULE—DAMAGES.

> Testimony concerning the plaintiff's damages sustained as a result of defendant's failure to provide the grade and quality of topsoil required by the parties' written contract was admissible and proper to show damages, because the testimony did not violate the parol evidence rule and, in fact, was based on the defendant's failure to comply with the contract.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  17 Am Jur 2d, Contracts § 77.
[3]  17 Am Jur 2d, Contracts §§ 441–447, 521.

3. Contracts—Breach—Damages—Natural and Proximate Consequences.

> Damages to be recoverable in a contract action must be the natural and proximate consequences of the breach complained of.

Appeal from Mecosta, Harold E. Van Domelen, J. Submitted Division 3 November 12, 1970, at Grand Rapids. (Docket No. 8225.) Decided February 17, 1971.

Complaint by Jim Sattler against the Fisher Contracting. Company and Dean Fenstermacher for damages for breach of contract. Counterclaim by Fisher Contracting Company against Jim Sattler for damages for breach of contract. Cross-claim by Fisher Contracting Company against Fenstermacher for breach of contract. Plaintiff's action against Fenstermacher dismissed. Verdict and judgment for plaintiff Sattler against Fisher Contracting Company granted. Fisher Contracting Company's cross-claim against Fenstermacher denied. Fisher Contracting Company appeals both decisions. Affirmed.

*R. L. Miles,* for plaintiff Sattler.

*Sinclair, Edwards & Clulo,* for defendant Fisher Contracting Company.

*Donley & Walz,* for defendant Fenstermacher.

Before: T. M. Burns, P. J., and R. B. Burns and Munro,* JJ.

Munro, J. The plaintiff Jim Sattler, doing business as Star Greenhouse, (hereinafter referred to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as plaintiff Sattler), and the defendant Fisher Contracting Company (hereinafter referred to as defendant Fisher), had entered into a contract on January 18, 1966, relating to the installation of a lawn and certain shrubbery on a public housing project in the City of Big Rapids. The relationship between the parties was that of plaintiff Sattler as a sub-contractor to defendant Fisher who was the prime contractor on the housing project. By the terms of the agreement and the specifications relating thereto defendant Fisher was required to provide the topsoil and rough grade the same and the specifications called for such soil to be of a certain quality and reasonably free of clay, lumps, stones, and other debris. Third-party defendant Dean Fenstermacher (hereinafter referred to as defendant Fenstermacher) furnished the topsoil at the request of defendant Fisher.

Shortly after plaintiff Sattler had been notified by defendant Fisher to commence work on the lawn and landscaping plaintiff Sattler advised defendant Fisher that the topsoil as furnished did not meet the requirements of the specifications and that additional work would be required because of the failure to provide suitable topsoil. In answer to this letter defendant Fisher demanded performance by plaintiff Sattler in accordance with the terms of the contract.

It appears from the testimony that the landscaping, including the planting of the lawn and shrubbery, was originally contemplated for completion in 1966. The lawn portion of the contract was accepted by the owner in August of 1967 and the shrubbery in February of 1969.

Plaintiff Sattler filed this action against defendants Fisher and Fenstermacher claiming that as a result of the sub-standard quality of the topsoil

plaintiff Sattler incurred additional expenses in both labor and materials. Defendant Fisher counterclaimed against plaintiff Sattler for damages incurred as a result of plaintiff Sattler's delay in completing the contract and also cross-claimed against defendant Fenstermacher on the basis that if the topsoil was not in conformity with the specifications defendant Fenstermacher, who furnished the topsoil, was responsible. Plaintiff Sattler's suit against defendant Fenstermacher was dismissed on completion of proofs.

By agreement of the parties the matters at issue between plaintiff Sattler and defendant Fisher were submitted to the jury and the question of defendant Fisher's cross-claim against defendant Fenstermacher was decided by the court without a jury. The jury returned a verdict in the amount of $8,000 against defendant Fisher. The trial court denied defendant Fisher's cross-claim against defendant Fenstermacher. Defendant Fisher appeals from both decisions.

Defendant Fisher alleges several grounds for reversal which will be stated and dealt with in order.

I

*Was the Trial Court's Admission of Testimony Relative to Lawn Maintenance and Price Increase Expenses in Direct Violation of the Parol Evidence Rule and Therefore Reversible Error?*

While defendant Fisher's position with regard to the parol evidence rule and the cases cited by him in support of his position are correct and have been most recently affirmed by this Court in the case of *Jackson National Life Insurance Company* v. *Bakaian* (1969), 16 Mich App 26, where this Court again held that Trial Courts are restricted by the parol evidence rule from looking behind a written contract

where, by its terms, it is complete, unconditional, and unambiguous. The fact is that in the instant case plaintiff Sattler does not deny the contract nor does plaintiff Sattler suggest that any of the terms or conditions of the contract should be changed or varied in any way. In fact in this case plaintiff Sattler, from the beginning, has urged compliance with the contract as evidenced by plaintiff Sattler's initial letter requesting that defendant Fisher furnish topsoil in accordance with the contract and specifications. The gravamen of plaintiff Sattler's complaint was that by not properly fulfilling its obligations under the contract defendant Fisher caused a delay in performance which resulted in economic loss to plaintiff Sattler. It is a well recognized rule that extrinsic evidence which does not vary the terms of a written instrument is not excluded under the parol evidence rule. *Whalen* v. *Board of Education of City of Detroit* (1928), 243 Mich 478; 11 Michigan Law & Practice, Evidence, § 195, pp 379, 380. The testimony as to damages sustained by plaintiff Sattler as a result of defendant Fisher's failure to provide suitable topsoil was admissible and not barred by the parol evidence rule.

## II

*Was the Testimony Relating to Damages Admissible as Having Been Naturally and Proximately Caused by Any Act of Defendant Fisher?*

Defendant Fisher maintains that the proof of damage with regard to maintenance expenses and price increases incurred on the shrubbery was in no way causally connected to any act of defendant Fisher but was incurred as a result of plaintiff Sattler's failure to order the trees and shrubs and failure to complete the project on time. Plaintiff Sattler contended he was unable to plant the trees

and shrubs in 1966 since he was unable to complete the lawn project until too late in the fall and that thereafter the obtaining of the trees and shrubs was limited because of an increased demand for them, and that had the topsoil been furnished as required the whole project could have been completed in the calendar year 1966. While, normally, proximate causation relates to tort actions, the law in Michigan has for many years provided that in order for damages to be recoverable in contract actions it must be shown that damages are the natural and proximate consequence of the breach complained of. *Stewart* v. *Rudner* (1957), 349 Mich 459, and cases cited there. In the instant case, based on the proofs submitted, the jury could and did find that the damages sustained by plaintiff Sattler were the natural and proximate consequence of the failure of defendant Fisher to provide proper topsoil as required by the contract and specifications.

## III

*Was the Verdict of the Jury Against the Great Weight of the Evidence?*

From an examination of all of the testimony and exhibits introduced in this matter it appears the question of whether or not the breach caused the damages claimed by plaintiff Sattler was covered by both witnesses for plaintiff Sattler and defendant Fisher. While it is true that some of the evidence offered by defendant Fisher was not specifically rebutted by plaintiff Sattler's witnesses there was testimony, which if believed by the jury, proved the damages were incurred as a result of the breach by defendant Fisher. Because the jury chose to believe the version of the facts as related by plaintiff Sattler, this Court will not, in the absence of a miscarriage of justice, substitute its judgment for

that of the jury.  *Williams* v. *Fiedlar* (1970), 22 Mich App 179.

## IV

*Did the Trial Court Err in Returning a Judgment of No Cause of Action as Between Defendant Fisher and Defendant Fenstermacher?*

The testimony presented proves that the dirt as furnished by defendant Fenstermacher was taken from stock piles and sites inspected and approved by defendant Fisher and the project owners and that all but one load of dirt removed was approved by agents of defendant Fisher and the load not approved was not charged for.

The decision of the trial court being supported by the record in this matter, its judgment of no cause of action as between defendant Fisher and defendant Fenstermacher is affirmed, as is the jury verdict and judgment entered below.  Costs to plaintiff Sattler.

All concurred.